IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDEE BLOOM, | )<br>) |
| Plaintiff | ) |
| v. | ) Civil No. 13-1442 |
| CONGREGATION BETH SHALOM, | )<br>)<br>) |
| Defendant. | ) |

## Opinion

Sandee Bloom commenced this action against Defendant, Congregation Beth Shalom, in the Court of Common Pleas of Allegheny County on June 11, 2013. Defendant was served with the original Complaint on September 16, 2013, and an Amended Complaint on September 17, 2013. The Amended Complaint asserts claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), the Equal Pay Act, 29 U.S.C. 206(d), and the Pennsylvania Human Relations Act. The case was timely removed to this court on October 4, 2013.

Plaintiff sets forth six claims for relief. Plaintiff first claims that the Defendant paid wages to her at rates less than the rates it paid males for equal work on jobs requiring equal skill, effort, and responsibility, in violation of the Equal Pay Act (Count 1). Plaintiff further alleges that Defendant treated her differently and less favorably in her terms, conditions, rights and privileges of employment, than similarly-situated males in violation of Title VII and the PHRA (Count 3 and 5). She also asserts analogous claims of Retaliation in violation of the Equal Pay Act, Title VII, and the PHRA based on Defendant's termination of her after she complained of the unequal pay and disparate treatment (Counts 2, 4, and 6).

Presently before the Court is Defendant's Motion to Strike Pursuant to F.R.C.P. 12(f) or, in the Alternative, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6). For the reasons stated herein we will grant Defendant's motion in part and deny it in part.

I.      **Relevant Factual Background**

The Amended Complaint in this case is lengthy containing 249 paragraphs and 113 pages and goes far beyond Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Much of what is set forth in the Amended Complaint is narrative in nature and unnecessary to comply with Rule 8(a). Therefore, we will briefly set forth only the relevant facts alleged in the Amended Complaint necessary to resolve the instant motion.

Plaintiff Sandee Bloom alleges that she was not paid wages equal to those paid to similarly-situated males because of her sex, and that she was terminated in retaliation for her complaints about such unequal pay. She was employed in a variety of positions by Congregation Beth Shalom from June 2000 through October 20, 2010. Her first position was as the rabbinic assistant to the Senior Rabbi. In July 2005 she was promoted to Office Manager, maintaining her duties as rabbinic assistant until the Senior Rabbi retired.

In November 2008, she was promoted to Assistant Executive Director by the then-Executive Director, Lee Levitt, while maintaining her duties as Office Manager. Mr. Levitt also had an administrative assistant.

The Congregation had approved a budget for 2010 that included a salary of $95,000, plus additional benefits, for the Executive Director. However, Mr. Levitt declined the offer to continue employment as of December 31, 2009.

On January 4, 2010, the President of the Congregation informed Plaintiff that her responsibilities would increase in the absence of an Executive Director. On January 18, 2010, the President informed the Congregation's employees at a staff meeting that Plaintiff was in charge of the day to day operations and any questions should be directed to her. The President also informed the employees that Plaintiff was not the Acting Executive Director, nor was she the Interim Executive Director.

In late January 2010, Plaintiff's compensation was increased by $1000.00 per month. In April 2010, Plaintiff was given the title Acting Executive Director. In June 2010, she was awarded a bonus of $5000.00. Following a search for a new Executive Director, Plaintiff was offered the position of Executive Director with a salary of $73,500.00. She was not offered the previously-approved budget salary of $95,000.00 plus benefits. At that time, Plaintiff protested that the offered salary was too low, and questioned why she was not being offered a salary similar to that of her predecessors. Plaintiff accepted the position at a salary of $73,500.00.

Before accepting the position Plaintiff sought assurances that she would have the necessary funds to hire an administrative assistant. She was assured that she would have the authority and budget to hire an administrative assistant. A budget of $35,000 was set aside for an administrative assistant, and although steps were taken at various times in furtherance of hiring an administrative assistant for Plaintiff, the Congregation refused to permit her to hire an administrative assistant. The Congregation also did not pay for membership in the two national organizations of synagogue directors as they had done for past Executive Directors and they abolished the position of Assistant Executive Director.

On September 27, 2010, Plaintiff was informed that she was failing in her performance. She was terminated on October 20, 2010. In terminating Plaintiff, the Congregation failed to follow its progressive discipline policy.

**II.    Standard of Review**

*Motion to Strike Pursuant to F.R.C.P. 12(f)*

Pursuant to Federal Rule of Civil Procedure 12(f), upon a motion by either party, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." F.R.Civ.P. 12(f). The purpose of a Rule 12(f) motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." United States v. Educ. Mgmt. Corp., 871 F.Supp.2d 433, 460 (W.D.Pa.2012) (McVerry, J.) (citation omitted). The movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial. Flanagan v. Wyndham Int'l, Inc., No.2002/237–M/R, 2003 WL 23198798 (D.Vi. Apr.21, 2003) (citing 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures, § 1380); River Rd. Dev. Corp. v. Carlson Corp.-Northeast, No. 89–7037, 1990 WL 69085, at *7 (E.D.Pa. May 23, 1990) (the movant "must clearly show that the matter sought to be stricken is outside the issues in the case and is prejudicial" on a Rule 12(f)(2) motion).

Although courts possess considerable discretion in disposing of a motion to strike under Rule 12(f), Thornton v. UL Enters., No. 09–287E, 2010 WL 1005021, at *2 (W.D.Pa. Mar.16, 2010) (Cohill, J.), "striking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." Dann v. Lincoln Nat. Corp., 274 F.R.D. 139, 142 (E.D.Pa.2011); *see also* Tennis v. Ford Motor Co., 730 F.Supp.2d 437, 443

4

(W.D.Pa.2010) (McVerry, J.) ("Striking some or all of a pleading is therefore considered a drastic remedy to be resorted to only when required for the purposes of justice.") (citation omitted).

"In deciding the motion, a court should also consider the liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation." Simmons v. Nationwide Mut. Fire Ins. Co., 788 F.Supp.2d 404, 407 (W.D.Pa. 2011) (McVerry, J.) (citations omitted). Accordingly, "such motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Dann, 274 F.R.D. at 142–43 (citation omitted). A court will generally not grant such a motion unless the material to be stricken bears "no possible relationship to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc., 629 F.Supp.2d 416, 425 (D.N.J.2009) (citations omitted).

### III. Discussion

Defendant moves to strike the following paragraphs from Plaintiff's Amended Complaint: 10-33, 127-134; 176-178; 205-211; and 217-220. Defendant argues that these paragraphs contain immaterial, impertinent, and scandalous averments that "have no relationship to the claims, vindictively and recklessly impugn the moral character of Beth Shalom and non-parties, and consist of statements that are unnecessary or have no bearing in determining the claims made in Plaintiff's Amended Complaint that she received less pay due to the fact that she was a female." D. Br. 4.

5

*Paragraphs 10-33*

We agree with Defendant that the averments set forth in paragraph 12 and paragraphs 14-33 of the Amended Complaint should be stricken. The allegations in these paragraphs of sexual harassment and a sexually hostile work environment are immaterial to the issues in this case. Plaintiff sues Defendant claiming that she was treated differently than males with respect to the wages she was paid as well as her terms, conditions, rights and privileges of employment. Plaintiff claims that she was treated differently than males in respect to the position of Executive Director during the time period beginning in 2010. She further alleges that she was terminated in retaliation for complaining about the disparity in how she was treated. Plaintiff makes no claim relating in any way to sexual harassment, sexual advances, inappropriate sexual comments or conduct, or a sexually hostile work environment.

In addition, the allegations in these paragraphs concern alleged sexual harassment and an alleged sexually hostile work environment dating back to 2003, well outside the time frame relevant to Plaintiff's claims. These allegations have no connection to Plaintiff's position as Executive Director and her allegations that she was treated differently than males *in that position* with regard to her wages and other terms and conditions of her employment.

Finally, several of the allegations are impertinent and scandalous in that they name specific persons who have no connection to the claims set forth by Plaintiff and only serve to disparage such persons and appear to have no proper purpose in this action other than to embarrass such persons and Defendant. We find that the allegations in paragraphs 12, and 14-33 concern matters that are immaterial, impertinent, and scandalous and are outside the issues in this case and also that such averments cause prejudice. Accordingly, we will grant Defendant's motion to strike these paragraphs and will order that paragraphs 12 and 14-33 be stricken from

Plaintiff's Amended Complaint and direct that the present Amended Complaint (as well as the initial Complaint, which also contains the same allegations) be placed under seal to avoid public circulation of the aforesaid allegations. In addition, Plaintiff will be directed to file a Second Amended Complaint with these paragraphs removed.

In her response, it appears that Plaintiff is suggesting that she has implicitly set forth timely claims of sexual harassment and a sexually hostile work environment as she states that "Discovery will show that she informed EEOC of all her claims during the pendency of her Charge, and thereby exhausted her administrative remedies on all claims, as to all parties." P. Resp. 4. We disagree. Plaintiff has set forth six claims in her Amended Complaint and none of them are claims of sexual harassment or a hostile work environment. Regardless of what Plaintiff alleges discovery will show with respect to her EEOC charge, it is clear from her Charge of Discrimination that she did not allege a hostile work environment or sexual harassment. Indeed, the earliest date of discrimination noted on her Charge is June 1, 2008, and the above allegations occurred much earlier. Therefore, we agree with Defendant that to the extent that Plaintiff is attempting to assert claims of sexual harassment or hostile work environment she has apparently failed to exhaust her administrative remedies with regard to such claims.

Paragraphs 10, 11 and 13, however, will not be stricken. Although the averments in these allegations are set in the context of the averments we are striking we cannot say that they do not relate to the claims in this case. These three paragraphs allege that Defendant maintained a work environment hostile to women, that women were treated inherently inferior, and that Plaintiff was subjected to disparate treatment in her terms, conditions, rights and privileges of employment on the basis of her sex. These averments are not immaterial, impertinent, or

scandalous and they are related to the matters at issue and therefore we will deny Defendant's motion to strike these paragraphs.

### *Paragraphs 127-134 and 137-141*

Paragraphs 127-134 and 137-141 relate to allegations of religious discrimination with regards to the hiring or non-hiring of employees. Although the averments in these paragraphs do not appear to relate to the claims in this case we cannot say that there is no connection between the averments and the issues in this case so as to justify striking the averments under Rule 12(f). Paragraphs 127-134 concern conduct of an Executive Vice President in the hiring of a non-party, and paragraphs 137-141 concern conduct directed towards Plaintiff while she was Executive Director and attempting to hire an administrative assistant. Whether the conduct is actually connected to the issues in this case remains to be seen. In any event, the averments being challenged are not so unrelated to the claims as to be "unworthy of any consideration" and we cannot say that "their presence in the pleadings will be prejudicial." Flanagan, 2003 WL 23198798.

### *Paragraphs 176-178*

Paragraphs 176-178 concern a former Executive Vice President's use of a personal credit card and his suggestion to Plaintiff that she be untruthful about the management of the Congregation. Again, we cannot say that the averments are unrelated to the issues in the case insofar as the conduct may touch upon Plaintiff's allegations that Defendant treated males and females differently.

*Paragraphs 205-211*

Paragraphs 205-211 set forth events relating to how Plaintiff was terminated from her position, and includes allegations that employees of Defendant offered Plaintiff the opportunity to resign and waive legal claims. Paragraphs 217-220 concern events occurring after Plaintiff was terminated. We are not convinced that paragraphs 205-211 and 217-220 are immaterial, impertinent, or scandalous that they should be stricken from the pleadings. In addition, the averments do not appear to be outside the issues in the case.

## IV. Conclusion

For the reasons stated herein, we will enter an order granting in part and denying in part Defendant's motion to strike or in the alternative, to dismiss. We will grant Defendant's motion to strike as to paragraphs 12, and 14-33, and we will deny it as to the remaining challenged paragraphs. As we find that Plaintiff has not set forth claims of sexual harassment or a hostile work environment we will deny Defendant's motion to dismiss as moot. Moreover, to the extent that Plaintiff attempts to assert such claims it is likely that she has failed to exhaust her administrative remedies. We caution counsel to review carefully Federal Rule of Civil Procedure 8(a)(2) and model the amended complaint accordingly. We will also order Plaintiff to refile her complaint in accord with this Opinion.

Date: January 31, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge

# ORDER

AND NOW, to-wit, this __31st__ day of January, 2014 for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Strike or in the Alternative to Dismiss (ECF No. 9) is DENIED in part, and GRANTED in part.

1. Defendant's motion to strike is GRANTED as to paragraph 12 and paragraphs 14-33. Paragraph 12 and paragraphs 14-33 are hereby stricken from Plaintiff's Amended Complaint.

2. Defendant's motion to strike is DENIED as to the remaining challenged paragraphs.

3. Defendant's motion to dismiss is DENIED as moot as we find that Plaintiff has not asserted claims of sexual harassment or hostile work environment.

IT IS FURTHER ORDERED that the Clerk of Courts is hereby DIRECTED to place UNDER SEAL the initial Complaint and Amended Complaint, which are contained as Exhibit A (ECF No. 1-1) to Defendant's Notice of Removal (ECF No. 1).

IT IS FURTHER ORDERED that Plaintiff shall file a Second Amended Complaint in accord with Federal Rule of Civil Procedure 8(a)(2) and the Opinion accompanying this Order no later than **February 14, 2014**.

IT IS FURTHER ORDERED that Defendant shall file an answer or other response to Plaintiff's Second Amended Complaint no later than **February 28, 2014**.

Maurice B. Cohill, Jr.
Senior United States District Judge